**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1727**

ELISEO RODRIGUEZ-ABREGO, a/k/a Eliseo De Jesus Rodriguez-Abrego,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: July 30, 2019                         Decided: August 13, 2019

Before AGEE, FLOYD, and HARRIS, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

John T. Riely, Rockville, Maryland, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Emily Anne Radford, Assistant Director, Brett F. Kinney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eliseo Rodriguez-Abrego, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing Rodriguez-Abrego's appeal from the immigration judge's (IJ) order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. We dismiss the petition for review.

Rodriguez-Abrego first argues that the IJ lacked jurisdiction because the notice to appear that was filed with the immigration court pursuant to 8 C.F.R. § 1003.14(a) did not indicate the time and place for his hearing, and therefore "jurisdiction" did not "vest[]" under that regulation. *See also id.* § 1003.13 (listing a "notice to appear" as one of the charging documents satisfying § 1003.14(a)); 8 U.S.C. § 1229(a)(1)(G)(i) (listing "[t]he time and place at which [removal] proceedings will be held" as required contents of a "notice to appear"). We recently rejected the same basic claim in *United States v. Cortez*, __ F.3d __, No. 19-4055, 2019 WL 3209956 (4th Cir. July 17, 2019), for two reasons. First, we explained, § 1003.14(a) is "a docketing rule" lacking jurisdictional significance, meaning that a violation of that rule would not deprive an immigration court of authority to adjudicate a case. *Id*. at *8. A claim that § 1003.14(a) has been violated may thus be forfeited – as it was here, when Rodriguez-Abrego failed to exhaust his claim before the agency. *See* 8 U.S.C. § 1252(d)(1) (stating that we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right"). And second, we further explained in *Cortez*, Rodriguez-Abrego is in any event wrong on the merits: Whether a case is properly docketed with the immigration court under

2

§ 1003.14(a) turns on whether the notice filed with the immigration court satisfies the distinct requirements set out at 8 C.F.R. § 1003.15(b)–(c) – which do not mandate inclusion of the hearing date and time. *Cortez*, 2019 WL 3209956, at *8–12.[1] The notice filed with the immigration court in Rodriguez-Abrego's case conformed to that regulatory definition, meaning that his claim would fail on the merits even if it were properly preserved.

We also conclude that Rodriguez-Abrego forfeited his argument that he was entitled to notice of the one-year deadline for filing an asylum application because he does not contest the Board's finding that he did not challenge the IJ's finding that he was statutorily ineligible for asylum.[2] Additionally, Rodriguez-Abrego does not challenge the Board's finding that he failed to establish that he was targeted on account of his membership in a particular social group as it was defined in his brief to the Board. In fact, Rodriguez-Abrego now asserts that he is a member of an entirely different social group, one that he did not raise on appeal to the Board. Because Rodriguez-Abrego fails to challenge these findings, he has waived review. *Suarez-Valenzuela v. Holder,* 714 F.3d 241, 248-49 (4th

---

[1] The statutory provision on which Rodriguez-Abrego relies – 8 U.S.C. § 1229(a) – is concerned with the different issue of notice to noncitizens, and has no bearing on whether a notice filed with an immigration court properly commences proceedings under 8 C.F.R. § 1003.14(a). *Cortez*, 2019 WL 3209956, at *8–12. And because Rodriguez-Abrego does not allege a statutory violation, we do not address whether the bifurcated notice that he received – first, service of the notice to appear at issue; and second, notification by the immigration court of the date and time of his hearing – satisfies the statutory notice requirements laid out in 8 U.S.C. § 1229(a). *Id.* at *10 n.6.

[2] Moreover, Rodriguez-Abrego's claim that *Rojas v. Johnson*, 305 F. Supp.3d 1176 (W.D. Wash. 2018) was decided the same day the Board issued its final order is wrong. *Rojas* was issued March 29, 2018, and the Board's decision was issued May 29, 2018.

Cir. 2013) (noting that issues not raised in opening brief are abandoned). Thus, we dismiss the petition for review as to these issues.

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*